ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 27 1998
NANCY DOHERTY, CLERK
By_____
Deputy

| | |
|---|---|
| OXFORD CAPITAL CORPORATION, ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | 3-98CV0501-X |
| THE UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |

## TEMPORARY RESTRAINING ORDER

On this day came to be heard the application of Plaintiff Oxford Capital Corporation ("Oxford") for a Temporary Restraining Order, requesting the Court to grant injunctive relief against The United States of America ("United States"). The Court, having considered Plaintiff's Verified Original Complaint and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction, the affidavit of Robert E. Cheney filed in support, and arguments presented to the Court by counsel, enters the following findings and orders:

1. On February 20, 1998 and February 24, 1998 the Internal Revenue Service served separate levies upon bank accounts at Bank of America, N.A., which were accounts owned by Oxford, and which contained funds solely the property of Oxford.

2. The levies were directed at collecting sums to pay certain delinquent taxes owed by the separate corporation RX Staffing Corporation ("RX Staffing").

3. RX Staffing is the wholly owned subsidiary of Oxford. The companies operate independently and separately. Both are viable companies.

TEMPORARY RESTRAINING ORDER - Page 1

4. Oxford is not the nominee, transferee, alter ego, agent, and/or holder of a beneficial interest of RX Staffing. The two companies have separate business purposes and functions. They do not inappropriately commingle their funds. The maintain separate financial records and books. They hold separate and regular meetings of their respective Boards of Directors. Their daily operations are maintained separately. They do not pay the business expenses of the other.

5. The Court finds that this matter is properly before it pursuant to 26 U.S.C. § 7426(a)(1) (1996), and that this lawsuit is the exclusive remedy for Oxford, who is a third party whose property is sought to be taken by the Defendant to satisfy RX Staffing's tax liability.

6. The Court further finds that the actions by the Defendant herein constitute a wrongful levy.

7. The Court further finds that Plaintiff has demonstrated a likelihood of success, and that there is very little, if any, likelihood that the Defendant would succeed, on the merits with respect to the Plaintiff's claim of wrongful levy. Thus, the Court finds that Plaintiff will suffer irreparable harm by way of inability to pay certain expenses that are time-sensitive, and absent payment, will subject Plaintiff to litigation, penalties and interest, if the relief sought is not granted.

8. The Court finds that the status quo that existed prior to the Defendant's actions will be preserved by granting the injunctive relief sought by the Plaintiff.

9. The Court finds that a temporary restraining order should be granted with or without written or oral notice to the Defendant.

IT IS, THEREFORE, ORDERED, that Defendant the United States is immediately enjoined and restrained from directly or indirectly taking the following actions:

a. Enforcing attempting to enforce any levy or Notice of Levy which it has heretofore served on any financial account owned by Plaintiff, the purpose of which is to recover sums to pay the tax liability of RX Staffing.

b. Serving or otherwise causing to come into effect any future levy or Notice of Levy on any financial account owned by Plaintiff, the purpose of which is to recover sums to pay the tax liability of RX Staffing.

IT IS FURTHER ORDERED that any and all levies currently existing on any of the accounts described herein shall be and are hereby rendered ineffective, and no bank or other financial institution shall be required to comply with their directives.

~~IT IS ORDERED that this Order shall become effective on the condition that Plaintiff~~ post ~~a bond, or cash in lieu of a bond, in the sum of $~~ _____ ~~, properly conditioned and securing the payment of such damages not to exceed said sum as may be suffered or sustained by any party who is found to have been wrongfully restrained.~~  *JK*

IT IS FURTHER ORDERED that a hearing on Plaintiff's Application for a Temporary Injunction will be held before this Court at __11__ o'clock _A_.m. on _Monday March 9, 1998_ unless continued by order of the Court, and the Defendant is hereby put on notice that failure to attend that hearing shall result in the immediate issuance of the Temporary Injunction, which shall be deemed to take effect immediately upon the expiration or dissolution of this Order, and shall extend during the pendency of this suit as the same injunctive relief previously granted by this Order, and the Defendant is hereby further notified that it shall be deemed to have actual notice of the issuance and terms of such Temporary Injunction, and that any act by it in violation of any of its terms may be considered and prosecuted as contempt of this Court.

TEMPORARY RESTRAINING ORDER - Page 3

SIGNED this 27th day of February, 1998, at 12:30 o'clock P.m.

*[signature]*
United States District Court Judge

005.TRO

TEMPORARY RESTRAINING ORDER - Page 4